## HARRIS v. WOOD.

### No. 2824.

Court of Civil Appeals of Texas. 'Beaumont.

July 10, 1935.

Rehearing Denied Sept. 25, 1935.

John S. Kiibler, of La Porte, and E. A. Knipp, of Houston, for appellant.

P. C. Del Barto, and W. E. Brock, both of Houston, for appellee.

WALKER, Chief Justice.

On the 16th day of October, 1934, in the county court at law of Harris county, appellee, Chas. S. Wood, recovered judgment against appellant, R. W. P. Harris, for the sum of $515.29, with interest at 6 per cent. per annum and cost of suit. The trial was to the court without a jury, and no conclusions of law and fact were filed or requested, but the record includes a statement of facts. Both parties have fully briefed the case; the contention of appellant is that the judgment is without support either in the pleadings or the evidence.

Appellee pleaded and offered in evidence a written contract between him and one C. Bruce Ferguson, whereby appellee was "to receive" a commission of 20 per cent. on sales made by him on certain property belonging to appellant, and an overriding commission of 5 per cent. on sales made by agents appointed by him. He pleaded that this contract was made by appellant, "acting by and through C. Bruce Ferguson." The suit was for commissions on sales made by appellee under this contract. That he made the sales in the amount pleaded was satisfactorily established. The issue was whether or not appellant was liable for the commission.

Appellee did not rely upon any presumption of agency under the pleadings, but introduced in evidence the contract between appellant and Ferguson, which was to the effect that Ferguson was given an "exclusive agency" to subdivide and sell 395 acres of land belonging to appellant at a price that would net appellant $250 per acre for a part of the land, and $100 per acre for the balance; Ferguson was to sign all contracts, receive all payments, and keep the records until the subdivision was fully paid out; Ferguson was to retain one-half the sale price, accounting to appellant each Saturday night. No basis of compensation to Ferguson was fixed by the contract, the clear intendment being that Ferguson was to sell the land at a price that would net appellant the agreed price per acre for his land, and in addition

thereto compensate Ferguson for his efforts.

The testimony offered by appellee affirmatively excluded any theory of the case that permitted Ferguson to bind appellant to pay appellee any part of the $250 per acre and $100 per acre as a commission; the evidence as a whole compelled the conclusion that appellee was to be paid his commission out of that part of the sale price in excess of the amount to be paid appellant.

██ As no conclusions of law and fact were filed, appellee advances the proposition that we "must presume the judgment be in accordance with the facts," citing Ward v. Cameron (Tex. Civ. App.) 76 S. W. 240. Appellee's proposition is the law only where the record fails to contain a statement of facts. Where there is a statement of facts, the following proposition announced by the case cited by appellant correctly states the law: "We have not the benefit of the trial judge's conclusions. In such case we must refer the judgment to any warrantable theory of the case made by the testimony which may legally support it." An examination of the testimony as stated above shows that the judgment is without support.

██ Appellee contends further that as appellant received the benefit of these sales he ought to be compelled to pay the commission. That issue was not raised by appellee's pleadings; he pleaded only the express contract stated above.

██ Appellee also contends that, since appellant did not deny the agency under oath, it is conclusively presumed against him. As stated above, appellee did not rely upon any presumption of agency under the pleadings, but himself offered testimony proving in detail the agency between appellant and Ferguson, and affirmatively excluded any agency on the part of Ferguson whereby he could bind appellant to pay a commission out of the agreed price of the acreage.

██ Appellee's last contention is that, as Ferguson had a general agency to subdivide and sell appellant's land, he had implied authority to employ appellee as a sales agent, and to bind appellant to pay personally the stipulated commission. No presumption arose under the evidence that Ferguson had any authority to bind appellant beyond that stipulated for in the contract between them; in fact, the evidence affirmatively excluded that presumption. Ferguson's authority as the "exclusive agent" was limited to employing sales agents to be compensated by him out of the profit received by him from the sale of appellant's property.

It follows that the judgment appealed from should be reversed and the cause remanded for a new trial, and it is accordingly so ordered.